**Nusrat IMTIAZ and Wife, Razia Imtiaz, Appellants,**

v.

**EMERY AIRFREIGHT, INC., Appellee.**

**No. 01–86–0598–CV**

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1987.

Rehearing Denied April 30, 1987.

Richard C. Kline, Houston, for appellants.

JoAnn M. Dahl Eastham, Watson, Dale & Forney, Houston (Stephen J. Fearon, John F. Schutty, III, Condon & Forsyth, New York City, of counsel), for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

**OPINION**

EVANS, Chief Justice.

Mr. and Mrs. Nusrat Imtiaz appeal from a take-nothing summary judgment rendered against them in a Deceptive Trade Practices Act suit brought against Emery Airfreight, Inc.

Emery Airfreight, Inc. filed a motion for summary judgment contending that the Imtiazes' claim should be denied, as a matter of law, because the Imtiazes failed to comply with the notice of claim requirements of the Warsaw Convention and with Emery

Airfreight's contractual terms and conditions.

The Warsaw Convention is a treaty that establishes a uniform system of liability rules to govern the fundamental aspects of international air transportation litigation. *See Benjamins v. British European Airways*, 572 F.2d 913, 917–18 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979). Under the Warsaw Convention, a carrier is liable for damage occasioned by delay in the transportation of goods by air, 49 Stat. 3000, T.S.No. 876, 137 L.N.T.S. 11 (1934), *reprinted at* 49 U.S.C. sec. 1502 note, art. 19 (1976) ("Warsaw Convention"), but its liability is limited to $9.07 per pound. Warsaw Convention, art. 22(2); *see also Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984). The Imtiazes' package weighed one pound.

Emery Airfreight asserts that the Imtiazes' claim is preempted by the Warsaw Convention, and that the provisions of the federal statute are controlling. *See Boehringer-Mannheim Diagnostics, Inc. v. Pan Am. World Airways, Inc.*, 737 F.2d 456 (5th Cir.1984), *cert. denied*, 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985). Thus, Emery Airfreight argues that its liability is limited by the provisions of the federal statute and that because the Imtiazes failed to comply with the notice of claim provisions of the statute, their claim should be denied.

In their response to the motion for summary judgment, the Imtiazes contend that their action under the Deceptive Trade Practices Act is not governed by the Warsaw Convention because their claim is not based merely upon a delay in shipment, but rather upon the "willful misrepresentations and unconscionable conduct" of Emery Airfreight's agent.

Our threshold question, then, is whether the Warsaw Convention governs the claim asserted in the Imtiazes' petition. To decide this issue, we must consider the nature of the action as set forth in the Imtiazes' petition, giving the allegations of the petition a liberal construction and considering all asserted facts as true. *Roark v. Allen*, 633 S.W.2d 804 (Tex.1982).

The Imtiazes' petition alleges that on May 1, 1985, Mr. Imtiaz contacted Emery Airfreight's agent in Houston about shipping a package of documents from New Orleans to Karachi, Pakistan. Mr. Imtiaz explained to the agent that he was shipping the documents to his wife in Karachi so that she and their child could obtain visas and join him in the United States. He advised the agent that it was imperative that the documents reach Mrs. Imtiaz by May 15, so that they could meet as planned. Emery Airfreight's agent then represented to Mr. Imtiaz that it would take not more than three or four days to ship the documents to Karachi from anywhere in the United States, and the agent advised Mr. Imtiaz to go to New Orleans, obtain the documents, and ship them from there. According to the petition, these representations were false, misleading, and deceptive, because Emery Airfreight had no knowledge of what date the parcel would reach Pakistan.

The Imtiazes also allege that on May 13, Mr. Imtiaz again contacted Emery Airfreight's agent in Houston, who represented that the parcel had not been misplaced, and was then enroute to Karachi. Mr. Imtiaz was advised that he should proceed with his plans to meet his wife in New York City, and relying on that representation, he flew to New York City to meet his wife. But the documents were not delivered by May 15, and Mrs. Imtiaz could not obtain a visa until May 31, so that the Imtiazes were required to incur additional expenses of airfare, food, lodging, and incidental expense. The Imtiazes allege that Emery Airfreight engaged in an "unconscionable course of action, taking advantage of their lack of experience, knowledge, ability, and capacity to a grossly unfair degree by falsely and continuously representing to them that the shipment had not been misplaced." The Imtiazes also allege that Emery Airfreight warranted that it could deliver the documents within three or four days of their receipt and that the harmful delay constituted a breach of an express warranty.

The Imtiazes' allegations regarding Emery Airfreight's misrepresentations were sufficient to state a prima facie cause of action for damages under the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. secs. 17.41–17.63 (Vernon Supp.1987), and that claim is not governed by the Warsaw Convention. *See Hill v. United Airlines*, 550 F.Supp. 1048 (D.Kan. 1982) (airline's intentional misrepresentation that the airport where the plaintiffs were to make a connection was closed, so that the plaintiffs missed their connecting plane and suffered damages, held outside the Warsaw Convention). Thus, we hold that the trial court erred in deciding, as a matter of law, that the Imtiazes were precluded from maintaining that claim under the Deceptive Trade Practices Act.

But the Imtiazes' claim that Emery Airfreight breached an express warranty by the delay in the delivery of the goods is governed by the Warsaw Convention. Thus, we hold that the trial court did not err in denying that claim, as a matter of law, because the summary judgment proof conclusively shows that the Imtiazes failed to give timely notice of their claim under the federal statute.

A written notice of a claim for damages for delay under the Warsaw Convention must be sent to the carrier within 14 days after receipt of the shipment, Warsaw Convention, art. 25, and the Imtiazes did not give notification until 59 days after the shipment was delivered. The Imtiazes argue that the terms of Emery Airfreight's airbill permit 270 days notice of claim, but those terms do not apply to international shipments. Emery Airfreight's Service Guide, which is the controlling document, only extends the time for giving notice to 21 days. Thus, under both the federal statute and terms of the Service Guide, the Imtiazes failed to give timely written notice of their claim.

The trial court's summary judgment is reversed insofar as it determines, as a matter of law, that the Imtiazes are precluded from asserting their claim under the Texas Deceptive Trade Practices Act for the alleged misrepresentations of Emery Air-

freight, and that matter is remanded to the trial court for further proceedings. In all other respects, the judgment is affirmed.

Costs are taxed equally between the Imtiazes and Emery Airfreight.